CHASE MANHATTAN BANK, N.A., Plaintiff

v.

JAMES E. RUAN, INC., GOVERNMENT OF THE VIRGIN ISLANDS, ENCHANTED VALLEY DEVELOPMENT CORP., BERTILS FLEMING, ANDREW ROGERS, THE UNITED STATES OF AMERICA, MSI BUILDING SUPPLIES, CARIBBEAN INTERIORS, INCORPORATED, ANTILLES INSURANCE, INC., Defendants

Civil No. 80-31

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 9, 1981

ROBERT J. MURNAN, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for plaintiff*

ISHMAEL A. MEYERS, ESQ., United States Attorney, St. Thomas, V.I., *for United States*

ALAN E. COBBE, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for Government of V.I.*

BRENDA A. HOLLAR, ESQ., St. Thomas, V.I., *for defendant Enchanted & Fleming*

JOSEPH B. W. ARELLANO, ESQ., Law Office of Roger L. Campbell, St. Thomas, V.I., *for MSI*

GRUNERT, STOUT, HYMES, MAYER & SMOCK, St. Thomas, V.I., *for Antilles*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on what seems a plenitude of motions. The defendant Government of the Virgin Islands has submitted a motion to dismiss for a lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and such motion will be denied. The Court will also deny the plaintiff's motion for summary judgment, as well as the motions of defendant MSI Building Supplies and defendant Caribbean Interiors, Inc., for summary judgment on their cross-claims.

The posture of this litigation to date is as follows. The plaintiff filed the instant action for debts allegedly due and owing to it by defendant James E. Ruan, Inc., and seeking foreclosure of certain described real properties in order to satisfy the aforementioned debts. The plaintiff contends that it has mortgage liens against the real properties and has asked the Court to rule that they hold first priority liens on two of the subject properties, and first and second priority liens on the third piece of property, and that the properties be sold to satisfy such liens. The plaintiff also notes in its complaint that a number of other parties have recorded claims against the subject properties in the Office of the Recorder of Deeds, St. Thomas, Virgin Islands. Plaintiff has named all such parties as defendants to this action. The default of James E. Ruan, Inc., and Andrew Rogers was entered on August 15, 1980, against defendants James E. Ruan, Inc., and Andrew Rogers for their failure to appear, plead or otherwise defend this action as required by law. Defendant United States of America presently has no interest in the instant litigation as it noted in its answer to the complaint, filed May 21, 1980, that the two tax liens it had recorded against the subject properties were discharged, cancelled and released on September 20, 1979. The remaining defendants assert a lien in one or more of the subject properties.

■ We turn first to the motion of the Government of the Virgin Islands requesting dismissal of the complaint against it for lack of subject matter jurisdiction, for the alleged failure of plaintiff to comply with the provisions of 33 V.I.C. § 1694. The plaintiff has indicated that it will not oppose the motion. However, the Court will deny the motion because it finds that another basis for subject matter jurisdiction can be found in 28 V.I.C. § 532. That section provides the following:

§ 532. *Other lien holders as defendants*

Any person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt or any part thereof, secured by the mortgage or other lien which is the subject of the action, shall be made a defendant in the action [lien foreclosure]. Any person having a prior lien may be made defendant at the option of the plaintiff or by the order of the court when deemed necessary.

As the lien of the Government of the Virgin Islands is subsequent to that of the plaintiff, the Government is a mandatory party in this action for foreclosure of lien, and therefore this Court has subject matter jurisdiction.

All the motions for summary judgment will be denied, at this time, as there are genuine issues as to material facts remaining. It is clear from the evidence that has been submitted that the plaintiff holds a first priority mortgage lien upon Parcel No. 15-14 (which includes Parcel No. 15-13) Estate Bonne Resolution, St. Thomas, Virgin Islands, a first priority mortgage lien upon Parcel No. 15-15 (which includes Parcels No. 15-16 and 15-18) Estate Bonne Resolution, St. Thomas, Virgin Islands and first and second priority mortgage liens upon Parcels No. 14-87 and 14-87-1 Estate Bonne Resolution, St. Thomas, Virgin Islands, as security for the indebtednesses owed to it by defendant James E. Ruan, Inc.

■■ The record does not clearly establish, however, the priority of all the subordinate liens that have been placed upon the properties. There are several construction liens whose priority is governed by 28 V.I.C. § 253 et seq. If the procedure established by those sections is properly followed, in cases where a notice of commencement has not been filed,[1] the construction lien attaches at the time the notice of lien is recorded. 28 V.I.C. § 258(b). In order to retain that lien priority, the statute requires the claimant to commence an action to foreclose that lien within ninety (90) days after the recording of the notice of lien, 28 V.I.C. § 271(a), and to subsequently file a notice of commencement of action with the recorder of deeds where the original notice of lien was recorded, 28 V.I.C. § 269.

---

[1] 28 V.I.C. § 262(a) provides that a "notice of commencement of real estate improvements signed by the owner may be recorded." If such a notice of commencement is recorded, a claimant's lien attaches as of the time the notice of commencement was recorded. 28 V.I.C. § 258(a). The evidence before the Court indicates that none of the claimant defendants filed a notice of commencement.

■ It appears that none of the claimant defendants followed the proper statutory procedure. Although some of the defendants apparently filed an action within the ninety- (90) day time limit, from our records it appears that none of the defendants filed a notice of commencement of action with the Recorder of Deeds. If this is in fact the case, the validity and priority of the various construction liens cannot be determined by the recording date of the notice of liens. Some of the defendants, however, have obtained judgments against defendant James E. Ruan, Inc., and apparently have recorded judgment liens against one or more of the subject properties. Their lien priority may be determined by 5 V.I.C. § 425. The Court does not have complete information as to which lienors have filed judgment liens against the subject properties.

In sum, the information before the Court at this time is too scant for the Court to make a definitive judgment as to the lien priorities of all parties. Therefore, the Court will require each defendant lienor, who remains interested in the instant litigation, to submit a legal memorandum which sets forth the order of priority of the various liens and the legal basis for that assessment. Additionally, supportive evidence must be submitted. The Court will give the defendants thirty (30) days from the date of this Order to comply with this direction.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant Government of the Virgin Islands to dismiss for a lack of subject matter jurisdiction be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that the motions for summary judgment of defendant MSI Building Supplies and defendant Caribbean Interiors, Inc., be, and the same are hereby, DENIED;

IT IS FURTHER ORDERED that all defendants, who remain interested in the instant litigation, must submit legal memorandum regarding the proper priorities of the liens that have been filed against the subject properties, as well as any evidence they might have that will support their theories, within thirty (30) days from the date of this Order.